REQUESTED BY: Dear Senator Kelly:
In your letter of January 21, 1980, you call our attention to Legislative Bill 221 and the adoption of an amendment to this legislation on January 16, 1980. You inform us this legislation is intended to amend section 53-103(23) and would, in pertinent part, provide as now amended:
 "Minor shall mean any, (a) for purposes of consumption on the premises, any person under nineteen years of age, and (b) for purposes of consumption off the premises, any person twenty-one years of age, regardless of marital status."
You express a concern with the choice of the word `premises' and therefore ask what, in our opinion, is a reasonable construction of the term `premises'. Corpus Juris Secundum in Volume 72 at page 484, states with regard to this term:
 "The word `premises' has various meanings depending upon the subject matter in connection with which it is used. It has no fixed legal significance, and no definition applicable to every situation."
The authors of this legal encyclopedia go on to point out that the word has two entirely different meanings and in its most popular usage signifies lands and tenements, and the buildings thereon.
The word also is used in a legal context to mean that which has been before mentioned or matters previously stated or set forth or that which is proposed. A third meaning of this word, which is of no relevance here, is the introductory proposition of syllogism from which the conclusion is deduced.
While the amendment proposed to use this term within the Nebraska Liquor Control Act, section 53-101, et seq., and while the words `premises' and `licensed premises' are used throughout the Act, there is no definition provided within the Liquor Control Act of this term. It may be of some interest to note that the authors chose the phrasing `the premises' as opposed to selecting the phrase `a premises,' whether or not the significance of the placement of the article `the' in front of the word premises as opposed to the article `a' has any particular significance, cannot be deduced from the amendment itself and there does not appear to any legislative history at this stage which would help explain this choice.
We do believe that it can be said with certainty that the term premises as used within this amendment, refers to some kind of building or lands and is probably not used in its purely legal sense, as meaning something which has gone on before. Nevertheless, as you suggest in your letter of inquiry, whether or not the use of this term premises in this amendment refers only to premises which are licensed by the Liquor Control Commission or whether they refer to any piece of land or property which might be considered a premises is not known. You do indicate to us that in some informal communication from the amendment's sponsors, they expressed an opinion that it would permit a person nineteen years of age or older `. . . to drink alcohol by the drink at a bar, a party in a friend's house, or in a similar supervised setting.' It would therefore appear that at least in the sponsor's mind the word `premises' would have a broader connotation and meaning than would be implied by `licensed premises'. We would suggest that if there is as much confusion about the breadth of the definition of this term as there appears to be, perhaps this matter should be cleared up by further amendment either selecting some more definitive word than premises, or inserting in front of the word premises the word `licensed'.
You also ask since the amendment speaks only of `consumption' and not `purchase', whether or not the amendment could be interpreted as permitting nineteen and twenty year olds to consume, but not purchase alcohol on the premises. We would agree that such an interpretation could be made. As you know of concern here, is a definitional section within the entirety of the Nebraska Liquor Control Act. The provisions relative to minors possessing and purchasing alcoholic liquors are found beginning at section 53-180, R.R.S. 1943, and continue as is relevant here, through section53-180.02, R.R.S. 1943. Section 53-180, supra, provides as is pertinent here:
 "No person shall sell, give away, dispose of, exchange or deliver, or permit the sale, gift or procuring of any alcoholic liquors, to or for any minor, . . ."
Therefore, substituting the definition of minor as amended for the term minor in section 53-180, it would appear as though an individual who is less than twenty-one years of age, is a minor only for purposes of `consumption off the premises' and is not a minor for purposes of `consumption on the premises'. Therefore, even after substituting this definition for the term `minor' used in section 53-180, no provision is made for the selling, giving away, disposing of, etc., alcoholic liquors to such persons. The workability of this definition may be less difficult with reference to section 53-180.02, supra, concerning the offense of minors in possession.
Here again, we are of the opinion that if there is confusion as to whether or not you or the authors of this amendment intended to permit persons who are under the age of twenty-one years to purchase liquor for consumption on premises, either licensed or otherwise, that matter should be cleared up at this time and not left subject to speculation at a future time.
We also call to your attention, that while you are proposing that the definition of minor be changed in section53-103, R.R.S. 1943, there are three other places within the Liquor Control Act wherein in lieu of the word `minor', the words `nineteen years' are used. These instances are in the second and third paragraphs of section 53-180.02, R.R.S. 1943, and in section 53-180.04, R.R.S. 1943, wherein the mandatory language of the warning to minors sign is set forth. We would suggest that if the definition of minors is to be changed, that some attention be given to amending those instances wherein the words `nineteen years' are used so that the intention of the Legislature with respect to the context in which the words `nineteen years' are used will be clear.
In conclusion, there appears to be considerable confusion and ambiguity as to the intended meaning of several of the words and terms used in this act. We would therefore suggest that efforts be made now to resolve these problems to avoid unnecessary litigation and to avoid the potential of a judicial interpretation inconsistent with legislative intent.